**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 25-4188

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

NEMIAH DAVIS,

Defendant - Appellant.

Appeal from the United States District Court for the Western District of North Carolina, at Charlotte.  Kenneth D. Bell, District Judge.  (3:17-cr-00276-KDB-SCR-7)

Submitted:  June 18, 2026                              Decided:  June 23, 2026

Before GREGORY and RUSHING, Circuit Judges, and KEENAN, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

**ON BRIEF:**  J. Edward Yeager, Jr., Cornelius, North Carolina, for Appellant.  Russ Ferguson, United States Attorney, Julia K. Wood, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Charlotte, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Nemiah Davis appeals the district court's order revoking his supervised release and sentencing him to 33 months' imprisonment. Davis admitted testing positive for marijuana (Violation 3) but denied committing new criminal conduct (Violations 1 and 2). On appeal, Davis challenges the district court's finding that he committed Violations 1 and 2. We affirm.

"A district court may revoke supervised release if it finds by a preponderance of the evidence that the defendant violated a condition of supervised release." *United States v. Mills*, 173 F.4th 182, 188 (4th Cir. 2026) (internal quotation marks omitted). This standard is satisfied if "the trier of fact . . . believe[s] that the existence of a fact is more probable than its nonexistence." *Id.* (internal quotation marks omitted). We review "a district court's revocation of supervised release . . . for abuse of discretion, meaning that we review legal conclusions de novo and factual determinations for clear error." *Id.* There is no clear error if "the district court's account of the evidence is plausible in light of the record viewed in its entirety." *Id.* (internal quotation marks omitted).

After carefully reviewing the record in its entirety, we conclude that the district court did not clearly err in finding that the preponderance of the evidence established that Davis committed Violations 1 and 2. Davis voluntarily admitted to the probation officer that he engaged in a bank fraud conspiracy, and that admission was corroborated by the physical evidence presented during the revocation hearing.

2

Accordingly, we affirm the district court's judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*